# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52546-1-II |
| Respondent, | |
| v. | |
| TYLER JAMES SHAW, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Tyler J. Shaw appeals his sentence, arguing that the sentencing court's imposition of interest on nonrestitution legal financial obligations (LFOs) should be stricken. The State concedes that the interest accrual provision should be stricken. We agree and remand to the sentencing court to strike the provision imposing interest on nonrestitution LFOs in Shaw's judgment and sentence.

FACTS

The State charged Tyler Shaw by amended information with one count of first degree malicious mischief. After a bench trial, the court found Shaw guilty of second degree malicious mischief.

The sentencing court sentenced Shaw to an exceptional sentence downward of 40 days incarceration. The court also imposed a $500 crime victim assessment fee. Although the court waived all other LFOs, a provision in the judgment and sentence imposed interest on LFOs and stated that "[t]he financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments." Clerk Papers at 24.

Shaw appeals.

ANALYSIS

Shaw challenges the provision imposing interest on nonrestitution LFOs in light of *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). The State concedes that the interest accrual provision should be stricken. We accept the State's concession.

Legislative amendments to the LFO statutes in 2018 prohibit sentencing courts from imposing on indigent defendants a criminal filing fee or interest accrual on the nonrestitution portions of LFOs. RCW 36.18.020(2)(h); RCW 10.82.090; *Ramirez*, 191 Wn.2d at 746-747. Our Supreme Court has held that the amendments apply prospectively, and are applicable to cases pending on direct review and not final when the amendment was enacted. *Id.* at 747.

Here, there is no dispute that Shaw is indigent and that the sentencing court did not order restitution. Thus, we accept the State's concession that the interest accrual provision should be

No. 52546-1-II

stricken from Shaw's judgment and sentence, and we remand this case to the sentencing court to strike the LFO interest accrual provision from Shaw's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, J.

Maxa, C.J.

3